**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHERISH MAYS on behalf of P.P., a minor, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-00476-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| CLARK COUNTY SCHOOL DISTRICT, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendants Clark County School District ("CCSD"), on behalf of Hal Smith Elementary School, and Angela Shepard, the principal of Hal Smith Elementary School (collectively, "Defendants"). Plaintiff Cherish Mays ("Plaintiff") filed a Response, (ECF No. 8), and Defendants filed a Reply, (ECF No. 10).

For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

**I.       BACKGROUND**

This case arises out of an incident involving violent physical contact between a teacher and minor student at Hal Smith Elementary School. (*See generally* Compl., ECF No. 1).  On February 7, 2019, an unnamed teacher violently struck minor student P.P. and then threw P.P. into a wall. (*Id.* ¶ 17).  The incident was captured on surveillance footage. (*Id.* ¶ 21).  Plaintiff is P.P.'s mother, and she filed this case against CCSD and Angela Shepard, the principal of Hal Smith Elementary School, alleging three causes of action: (1) negligence; (2) negligent hiring, training, and supervision; (3) civil rights violation pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 22–50). Plaintiff originally filed this case in state court, but Defendants removed on the basis of federal

1  question subject matter jurisdiction. (Am. Pet. Removal 1:21–25, ECF No. 1).  Defendants now

2  move to dismiss this case. (*See generally* Mot. Dismiss, ECF No. 6).

3  **II.**          **LEGAL STANDARD**

4      Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

5  which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

6  555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

7  which it rests, and although a court must take all factual allegations as true, legal conclusions

8  couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

9  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

10 of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

11 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

12 face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

13 claim has facial plausibility when the plaintiff pleads factual content that allows the court to

14 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

15 standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

16     "Generally, a district court may not consider any material beyond the pleadings in ruling

17 on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

18 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the

19 complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a

20 complaint and whose authenticity no party questions, but which are not physically attached to

21 the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v.*

22 *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take

23 judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282

24 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion

25 to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

1    If the court grants a motion to dismiss for failure to state a claim, leave to amend should

2 be granted unless it is clear that the deficiencies of the complaint cannot be cured by

3 amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

4 to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

5 the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

6 movant, repeated failure to cure deficiencies by amendments previously allowed, undue

7 prejudice to the opposing party by virtue of allowance of the amendment, futility of the

8 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

9 **III.        DISCUSSION**

10    Defendants move to dismiss the following claims from Plaintiff's Complaint: (1) § 1983

11 claims against all Defendants; (2) negligence and negligent hiring, training, and supervision

12 claims against Defendant Shepard; and (3) negligent hiring, training, and supervision claim

13 against Defendant CCSD.[1]  The Court will address each in turn.

14        **A.        § 1983 Claim Against All Defendants**

15    Claims brought under § 1983 must involve the "deprivation of any rights, privileges, or

16 immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  To state a § 1983 claim,

17 a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged

18 violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S.

19 42, 49 (1988).  Moreover, § 1983 "'is not itself a source of substantive rights,' but merely

20 provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*,

21 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Both

22 state municipalities and state officials acting within their official or individual capacities can be

23

24

25

---

[1] Defendants do not move to dismiss Plaintiff's negligence claim against Defendant CCSD.

1   sued under § 1983 for violations of constitutional rights. *Hafer v. Melo*, 502 U.S. 21, 27, 31

2   (1991); *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).

3   The threshold issue to surviving a motion to dismiss for any § 1983 claim is whether the

4   complaint alleges a violation of a constitutional right. *See West*, 487 U.S. at 49.  In the present

5   case, Plaintiff claims that Defendants' actions "deprived P.P. of her constitutional right to an

6   education." (Compl. ¶ 47).  However, there is no federally recognized constitutional right to an

7   education. *See Plyler v. Doe*, 457 U.S. 202, 221 (1982) ("Public education is not a 'right'

8   granted to individuals by the Constitution."); *Payne v. Peninsula School District*, 653 F.3d 863,

9   880 (9th Cir. 2011), overruled on other grounds in *Albino v. Baca*, 747 F.3d 1162, 1171 (9th

10  Cir. 2014); *S.B. v. California Department of Education*, 327 F. Supp. 3d 1218, 1251 (E. D. Cal.

11  Aug. 27, 2018) ("While there is no fundamental right to an education of *any type* under the

12  federal constitution, state law may nonetheless create an entitlement to education or other

13  property rights to which constitutional procedural due process then applies.").

14  Plaintiff cites *Goss v. Lopez*, 419 U.S. 565 (1975) to claim that "when a state mandates

15  that children be educated, then there is a constitutional right to education." (Resp. 3:13–22,

16  ECF No. 8).  However, Plaintiff misstates the holding in *Goss*.  In *Goss*, the Supreme Court

17  held that the Fourteenth Amendment's procedural due process protections were violated when

18  an Ohio high school suspended students without a hearing because an Ohio statute guaranteeing

19  free education to all children between the ages of six and twenty-one created a protectible

20  property interest in education. 419 U.S. at 573–75.  Put differently, *Goss* explains that when a

21  state creates an entitlement to, or other property right in, education, Fourteenth Amendment

22  procedural due process protections apply. *See S.B. v. California Department of Education*, 327

23  F. Supp. 3d at 1251.  To be clear, the constitutional right at stake in *Goss* was procedural due

24  process under the Fourteenth Amendment, not a general constitutional right to education.

25  Plaintiff's Complaint alleges neither that education is recognized as a property right in Nevada,

1  nor that P.P.'s alleged deprivation of her education is tied to Fourteenth Amendment procedural

2  due process.[2]

3      Because Plaintiff neglected to identify an existing constitutional violation in her

4  Complaint, Plaintiff has not alleged a § 1983 claim against Ms. Shepard or CCSD.

5  Accordingly, Plaintiff's § 1983 claim is dismissed, without prejudice, for failure to state a claim

6  upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

7      **B.    Negligence and Negligent Hiring, Training, and Supervision Claim Against**

8          **Defendant Shepard**

9      Plaintiff's Complaint alleges claims for negligence and negligent, hiring, training, and

10  supervision (collectively "the negligence claims") against both municipal entity CCSD and

11  school principal Ms. Shepard. (Compl. ¶¶ 22–45).  However, Defendants argue that Plaintiff's

12  negligence claims should be dismissed against Ms. Shepard as redundant because "an official

13  capacity suit against a municipal officer is equivalent to a suit against the entity." (Mot.

14  Dismiss 6:9–13, ECF No. 6) (citing *Center for Bio-Ethical Reform, Inc. v. Los Angeles County*

15  *Sheriff Department*, 533 F.3d 780, (9th Cir. 2008)).  Plaintiff agrees that any negligence claims

16  brought against Ms. Shepard in her official capacity should be dismissed. (Resp. 8:9–13) ("this

17  redundancy exists . . . only for claims made against an office holder in their official capacity")

18  (internal citations omitted).  Therefore, the Court grants Defendants' Motion to Dismiss with

19  prejudice to the extent that any negligence claims are brought against Ms. Shepard in her

20  official capacity.

21

22

23
24  [2] Plaintiff's Response to Defendants' Motion to Dismiss also claims that P.P. has a constitutional right to be free from state-imposed violations to bodily integrity. (Resp. 3:23–25, ECF No. 8).  While courts have recognized this as a constitutional right, the Complaint makes no reference to P.P.'s right to bodily integrity. *See Doe v.*
25  *Clark County School District*, No. 2:15-cv-00793-APG-GWF, (D. Nev. Aug. 18, 2016) ("[plaintiff] 'had a constitutional right to be free from state-imposed violations of bodily integrity,' including freedom from sexual abuse by a school teacher at a public school.").

1    Plaintiff does argue that any claims against Ms. Shepard in her individual capacity

2  should proceed. (Resp. 4:24–28).  However, because the Complaint does not specify whether

3  Ms. Shepard is being sued in her official or individual capacity, Plaintiff fails to state a

4  negligence claim against Ms. Shepard.  Accordingly, the Court dismisses without prejudice any

5  negligence claims against Ms. Shepard in her individual capacity.

6    **C.    Negligent Hiring, Training, and Supervision Claim Against Defendant**

7       **CCSD**

8    The tort of negligent hiring imposes "a general duty on an employer to conduct a

9  reasonable background check on a potential employee to ensure that the employee is fit for the

10  position." *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 98 (Nev. 1996).  This duty is breached

11  when the employer "hires an employee even though the employer knew, or should have known,

12  of that employee's dangerous propensities." *Id.*

13    An employer also "has a duty to use reasonable care in the training, supervision, and

14  retention of his or her employees to make sure that the employees are fit for their positions."

15  *Hall*, 930 P.2d at 99.  The elements of a claim for negligent training and/or supervision are: (1)

16  a general duty on the employer to use reasonable care in the training and/or supervision of

17  employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4)

18  causation. *Lambey v. Nevada*, No. 2:07-cv-01268-RLH-PAL, 2008 U.S. Dist. LEXIS 51155,

19  2008 WL 2704191, *4 (D. Nev. July 3, 2008).  In order to prevail on a negligent training or

20  supervision claim, the plaintiff must allege facts specifically indicating how the employer

21  violated its duty. *Colquhoun v. BHC Montevista Hospital, Inc.*, No. 2:10-cv-00144-RLH-PAL,

22  2010 WL 2346607, at *3 (D. Nev. June 9, 2010).  "The fact that an employee acts wrongfully

23  does not in and of itself give rise to a claim for negligent hiring, training, or supervision." *Id.*

24    In the present case, Plaintiff claims that Defendants "breached their duty by negligently

25  hiring, training, or supervising the teacher who assaulted P.P." and that "defendants allowed

1  this unqualified and violent teacher to physically abuse P.P. due to their collective failure to

2  properly supervise the teachers." (Compl. ¶ 39, 41).  Further, Plaintiff alleges that Defendants

3  "knew and [were] on notice of the unqualified and violent teacher's tendencies to physically

4  abuse children," but did not include any further factual details about this knowledge. (*Id.* ¶ 15).

5      In their Motion to Dismiss, Defendants argue that Plaintiff's "allegations are devoid of

6  facts showing how [CCSD]'s (or even Shepard's) licensing, hiring, training, or supervision fell

7  short." (Mot. Dismiss 8:14–15).  The Court agrees.  As it currently stands, Plaintiff's claim for

8  negligent hiring, training, or supervision is nothing more than a "formulaic recitation of the

9  elements of a cause of action." *Twombly*, 550 U.S. at 555.  Plaintiff failed to "allege facts

10  specifically indicating how the employer violated its duty," and thus, cannot currently prevail

11  on a negligent hiring, training, or supervision claim. *See Colquhoun*, 2010 WL 2346607, at *3.

12  Accordingly, the Court dismisses this claim without prejudice.[3]

13  **D.    LEAVE TO AMEND**

14      Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give

15  leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s]

16  held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should

17  grant leave to amend even if no request to amend the pleading was made, unless it determines

18  that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*,

19  203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

20  1995)).

21

22

23  [3] Defendants also argue that Plaintiff's negligent hiring, training, or supervision claim is barred by discretionary
    immunity. (Mot. Dismiss 7:1–8:8, ECF No. 6).  However, because the Court dismisses this claim for failure to
24  state claim, it will not opine on discretionary immunity.  In any case, Defendants did not address the two-part test
    for discretionary immunity, and the Nevada Supreme Court has held that "discretionary-function immunity does
25  not apply in cases alleging inadequate supervision or instruction because the decisions related to supervising and
    instruction, while discretionary, are not policy based." *See Clark County School District v. Payo*, 133 Nev. 626,
    632 (Nev. 2017).

The Court finds that Plaintiff may be able to plead additional facts to cure the deficiencies in her § 1983 and negligence claims.  Accordingly, the Court will grant Plaintiff leave to file an amended complaint.  Plaintiff shall file her amended complaint within twenty-one (21) days of the entry of this Order.

**V.      CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 6), is **GRANTED** to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend claims dismissed without prejudice, Plaintiff shall file an amended complaint within twenty-one (21) days from the entry of this order.

**DATED** this __27__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT